# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ANTONIO WILSON                                                                  PLAINTIFF

V.                                                       NO. 4:14-CV-103-DMB-DAS

SHERIFF MILTON GASTON, SR., ET AL.                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* prisoner complaint of Plaintiff Antonio Wilson who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that Plaintiff was incarcerated when he filed this suit. Plaintiff alleges that he slipped, fell, and injured himself due to the negligence of Defendants – and that they refused to provide medical care for the injuries he sustained in the fall. For the reasons below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Plaintiff alleges that on July 10, 2014, while housed at the Washington County Regional Correctional Facility, he slipped and fell on a slippery floor while exiting the shower. He hurt his leg and his back, and, despite many requests to see the nurse, he did not receive treatment for his injuries. Plaintiff requests that: (1) Defendants take action to ensure that no one else at the facility is similarly injured, and (2) the Court ensure he gets to see a doctor for his back and leg trouble. Plaintiff recently contacted Court staff by telephone to let the Court know that he has been released from custody.

### Negligence

Plaintiff's claims regarding the slippery conditions in the shower area sound wholly in negligence, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). As such, this claim must be dismissed for failure to state a claim upon which relief could be granted.

### Injunctive Relief Becomes Moot Upon Transfer

In this case, Plaintiff seeks only injunctive relief – to ensure that the defendants make the shower area safer, and to ensure that Plaintiff is taken to a doctor. Once a prisoner is transferred or released from a facility, his requests for injunctive relief become moot. *Herman v. Holliday*, 238 F.3d 660, 665 (5th Cir. 2001). For this reason, Plaintiff's claims for relief in the instant case must be dismissed as moot. In sum, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 2nd day of September, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**